UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

THE BUREAU FASHION WEEK LLC, *et al.*,

Plaintiffs/Counter-Defendants,

vs.

NATALIYA NOVA LLC,

Defendant/Counter-Claimant.

Case No.: 2:24-cv-233-GMN-EJY

**ORDER GRANTING MOTION FOR LEAVE TO FILE DOCUMENT AND GRANTING PARTIAL MOTION TO DISMISS**

Before the Court is the Motion to Dismiss, (ECF No. 27), filed by Plaintiffs and Counter-Defendants The Bureau Fashion Week LLC and The Society Fashion Week LLC (collectively, "the Fashion Week LLCs"). Defendant and Counter-Claimant Nataliya Nova LLC filed a Response, (ECF No. 29). Also pending before the Court is Nataliya Nova's Motion for Leave to File Document Supplementing Response, (ECF No. 42).

For good cause appearing, Nataliya Nova's Motion for Leave is **GRANTED**.[1] But because Nataliya Nova does not allege that the copyright was registered when it filed the counterclaim for copyright infringement, the Court also **GRANTS** the Fashion Week LLCs' Partial Motion to Dismiss. The Court further **DENIES** Nataliya Nova's request for leave to amend but dismisses the copyright claim without prejudice.

---

[1] The Local Rules of Practice for the District of Nevada prohibit parties from filing supplemental evidence without leave of court granted for good cause. LR 7-2(g). Nataliya Nova requests leave to file the certificate of registration it obtained in October 2024 and incorporate the certificate into its Response. (*See generally* Mot. Leave, ECF No. 42). The motion is unopposed, and the Court finds good cause to grant leave because the evidence is central to the question in controversy and was acquired after Nataliya Nova filed its Response brief.

## I. BACKGROUND

The Fashion Week LLCs initiated the present action by bringing trademark infringement and unfair competition claims against Nataliya Nova. (*See generally* Compl., ECF No. 1). In response, Nataliya Nova answered and asserted six counterclaims against the Fashion Week LLCs, including a copyright infringement claim. (Am. Ans. 18:16–19:10, ECF No. 26). The Fashion Week LLCs seek to dismiss the copyright infringement claim because Nataliya Nova failed to allege that it had registered the copyright. (Mot. Dismiss 8:3–5, ECF No. 27). After Nataliya Nova's Response was filed, it registered the copyright at issue and filed a Motion to Supplement the Response with the copyright registration certificate. (Mot. Leave, ECF No. 42).

## II. LEGAL STANDARD

Dismissal is appropriate under FRCP 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by

1  amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant
2  to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in
3  the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the
4  movant, repeated failure to cure deficiencies by amendments previously allowed, undue
5  prejudice to the opposing party by virtue of allowance of the amendment, futility of the
6  amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III.  DISCUSSION

The Fashion Week LLCs move to dismiss Nataliya Nova's third cause of action for copyright infringement because Nataliya Nova failed to allege the existence of a copyright registered with the U.S. Copyright Office. (Mot. Dismiss 8:3–5).  In response, Nataliya Nova asserts that the Court may now recognize this claim because the Copyright Office has since finalized the registration at issue. (Resp. 5:23–6:2); (Mot. Leave 3:16–18).  Nataliya Nova also argues that dismissing the claim at this stage of litigation will impede judicial efficiency, and it asks the Court to grant it leave to amend the claim to cure the initial defect. (Resp. 6:5, 6:26–27). The Court first considers whether the claim was properly pled.

#### A.  Motion to Dismiss Copyright Claim

The Copyright Act of 1976 protects original acts of authorship and entitles a copyright owner to institute a civil action for infringement. 17 U.S.C. § 102(a); 17 U.S.C. § 501(b). These works are immediately protected upon their creation. 17 U.S.C. § 302(a); *see Eldred v. Ashcroft*, 537 U.S. 186, 195 (2003).  However, § 411(a) requires copyright owners to register the copyright prior to pursuing an infringement claim in court. *Fourth Estate Public Benefit Corp. v. Wall-street.com, LLC*, 586 U.S. 296, 301 (2019).  This registration is a condition precedent to initiating copyright infringement claims "akin to an administrative exhaustion requirement." *Id*.  A registration "has been made" within the meaning of 17 U.S.C. § 411(a)

when the Copyright Office "has registered a copyright after examining a properly filed application." *Id.* at 302.

Here, Nataliya Nova asserted a copyright infringement claim but failed to allege that the copyright was registered in compliance with § 411(a). Nataliya Nova filed the claim on May 6, 2024, but did not seek registration until June 5, 2024. (Am. Ans. 22:5); (Registration, Ex. A to Mot. Leave, ECF No. 42-1). The Copyright Office registered the copyright on October 8, 2024. (Registration, Ex. A to Mot. Leave). Nataliya Nova therefore filed the copyright infringement claim before taking any action to register the copyright.

Nataliya Nova argues that "upon registration of the copyright . . . a copyright owner can recover for infringement that occurred both before and after registration." (Resp. 5:23–24) (quoting *Fourth Estate*, 586 U.S. at 299). However, *Fourth Estate* makes it clear that registering a copyright remains a prerequisite to bringing an infringement action, even when attempting to recover damages for past infringement. *Fourth Estate*, 586 U.S. at 308 (explaining that copyright owner suing for past infringement "must . . . apply for registration . . . *before* instituting suit." (emphasis added)). The copyright infringement claim was filed before registering the copyright and is therefore DISMISSED.

**B. Leave to File Amended Complaint**

Nataliya Nova requests leave to amend the copyright claim because it has now received the registration for the copyright. (Resp. 6:26–7:9). Under a different set of facts, some courts may permit amendment to allege that the copyright was registered *before* the case was initiated. *See, e.g.*, *Morton v. Critterden*, No. 2:23-cv-00210-GMN-EJY, 2023 WL 2869910, at *3 (D. Nev. Apr. 10, 2023) (citing *Izmo, Inc. v. Roadster, Inc.*, No. 18-cv-6092-NC, 2019 WL 359228, at *2 (N.D. Cal. June 4, 2019)). And courts have allowed an amendment to add newly asserted copyright claims that matured after the initial complaint and were *not* included in the initial complaint. *See e.g.*, *Lickerish Ltd. v. Maven Coal., Inc.*, No. CV 20-5621 FMO (Ex), 2021 WL

3494638 at *1 (C.D. Cal. Jan. 29, 2021); *see also Philips North America LLC v. KPI Healthcare, Inc.*, No. SACV 19-1765 JVS (JDEx), 2020 WL 3032765, at *3 (C.D. Cal. Jan. 24, 2020).

However, courts have explained that "[a] plaintiff cannot cure its failure to meet the preconditions set forth in 17 U.S.C. § 411(a) by amending its pending complaint." *UAB "Planner 5D" v. Facebook, Inc.*, No. 19-cv-03132-WHO, 2019 WL 6219223, at *7 (N.D. Cal. Nov. 21, 2019). Nataliya Nova fails to cite a case in which a court has permitted the amendment of an existing claim that was brought pre-registration. And as this Court has previously noted, "[a] plaintiff may not register a copyright after commencing an infringement action and then file an amended complaint alleging that he or she has complied with 17 U.S.C. § 411." *Morton*, 2023 WL 2869910, at *3. Thus, the Court finds the *Izmo* court's reasoning persuasive that to permit amendment of an existing claim to remedy a party's initial failure to comply with § 411(a) "undermines the objectives animating" the statute and "render[s] much of the statutory scheme superfluous." *Izmo*, 2019 WL 359228, at *2 (discussing *Fourth Estate*, 586 U.S. at 308).

Nataliya Nova asserted a copyright infringement claim prior to securing registration of the underlying copyright. (*See* Resp. 5:8–6:2). It may not now use amendment to "cure [its] failure to comply with administrative exhaustion requirements." *Izmo*, 2019 WL 2359228, at *2 (N.D. Cal. June 4, 2019) (citing *McKinney v. Carey*, 311 F.3d 1198, 1200–01 (9th Cir. 2002)). And although Nataliya Nova argues that dismissing the copyright claim would impede judicial efficiency, the Court may not grant Nataliya Nova leave to amend for the sake of convenience. (*See* Resp. 6:5–24). In *Fourth Estate*, the Supreme Court concluded that "time and again, Congress has maintained registration as a prerequisite to suit," despite the possibility that it may delay the vindication of rights protected under the Copyright Act. *Fourth Estate*, 586 U.S. at 307; 17 U.S.C. § 102(a). Accordingly, amendment would not cure the defect in the

copyright claim. The Partial Motion to Dismiss is GRANTED. However, because Nataliya Nova has since obtained registration of this copyright, the claim is dismissed without prejudice.[2]

**IV.     CONCLUSION**

**IT IS HEREBY ORDERED** that the Partial Motion to Dismiss, (ECF No. 27), is **GRANTED.** The copyright claim is dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Motion for Leave, (ECF No. 42), is **GRANTED**.

**DATED** this __5__ day of March, 2025.

_____
Gloria M. Navarro, District Judge
United States District Court

---

[2] Rule 13(e) of the Federal Rules of Civil Procedure permits a party to "file a supplemental pleading asserting a counterclaim that matured or was acquired by the party after serving an earlier pleading." Fed. R. Civ. Proc 13(e). Because Nataliya Nova sought and obtained registration of this claim after serving the Answer, the claim is mature and can be filed in a supplemental pleading before this Court.